[Cite as *State v. Coffman*, 2016-Ohio-4781.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ERIC D. COFFMAN | : | Case No. 15-COA-042 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. 15-CRI-126



JUDGMENT:                          Affirmed



DATE OF JUDGMENT:                  June 30, 2016



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHRISTOPHER R. TUNNELL              ERIN N. POPLAR
110 Cottage Street                 DANIEL D. MASON
3rd Floor                          103 Milan Avenue
Ashland, OH  44805                 Suite 6
                                   Amherst, OH  44001

*Farmer, P.J.*

{¶1}   On September 16, 2015, appellant, Eric Coffman, pled guilty pursuant to a bill of information to one count of domestic violence in violation of R.C. 2919.25 and one count of tampering with evidence in violation of R.C. 2921.12.  By judgment entry filed October 30, 2015, the trial court sentenced appellant to thirty-six months on the domestic violence count and thirty months on the tampering count, to be served consecutively for a total aggregate term of sixty-six months in prison.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}   "THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM PRISON TERM FOR THE OFFENSE OF THE HIGHEST DEGREE OF OFFENSE AND APPELLANT'S OFFENSES AROSE OUT OF A SINGLE INCIDENT."

II

{¶4}   "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES FOR TWO THIRD DEGREE FELONIES SUCH THAT THE AGGREGATE SENTENCE EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH THE APPELLANT WAS CONVICTED."

III

{¶5}   "THE TRIAL COURT ERRED IN ORDERING CONSECUTIVE PRISON SENTENCES AS THE IMPOSITION OF SUCH SENTENCES PLACES AN UNNECESSARY BURDEN ON STATE RESOURCES."

I, II, III

{¶6} Appellant claims the trial court erred in sentencing him. Specifically, appellant claims the trial court erred in imposing a maximum prison term on the domestic violence count, the aggregate term exceeded the maximum prison term as permitted under R.C. 2929.14(A), and the consecutive service places an unnecessary burden on state resources. We disagree.

{¶7} Pursuant to the Supreme Court of Ohio's recent holding in *State v. Marcum,* ___ Ohio St.3d ___, 2016-Ohio-1002, ¶ 7, this court will review a felony sentence using the standard set forth in R.C. 2953.08, and will no longer apply the abuse of discretion standard under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} Subsections (A)(1) and (C)(1) of R.C. 2953.08 provide the following, respectively:

(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the

Revised Code, and the court imposed the sentence under one of the following circumstances:

(a) The sentence was imposed for only one offense.

(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.

(C)(1) In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted.  Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.

{¶10}  R.C. 2929.11 governs overriding purposes of felony sentences and states the following:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.  The overriding purposes of felony sentencing are to protect the public from future crime by the offender

and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

{¶11} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} Appellant pled guilty to two counts, both felonies in the third degree. Pursuant to R.C. 2929.14(A)(3)(b), felonies of the third degree are punishable by "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." By judgment entry filed October 30, 2015, the trial court sentenced appellant to thirty-six months on the domestic violence count, the maximum, and thirty months on the tampering count, less than the maximum, to be served consecutively, for an aggregate term of sixty-six months in prison.

{¶13} Appellant first argues he should not have been sentenced to the maximum sentence of thirty-six months on the domestic violence count because the facts do not warrant such a sentence. The bill of information filed on September 15, 2015 indicates appellant had two previous convictions for domestic violence, both in 2011. During the sentencing hearing on October 26, 2015, the trial court noted it received and reviewed a presentence investigation report. October 26, 2015 T. at 3. The prosecutor summarized the report as follows (*Id.* at 5-7):

> Your Honor, this Defendant's record is atrocious by anyone's standards. Seven convictions as a Juvenile between '93 and '95. As an adult, he has a significant history in the State of Ohio per the PSI and also indicates that he went to Missouri which results in the gap of '98 to '02, otherwise, he has steady convictions from '96 on. It's a significant history when one looks at the number of assaults and aggravated menacing in there and the domestic violence begins in June of 2011, although there is one that was pled down from a DV to disorderly earlier.

> And then he picks up the felony domestic in October of 2011, just months after the misdemeanor. Interestingly enough, and eerily similar to this case, that 2011 felony case included attempted tampering with evidence. Which shouldn't escape anyone's notice here in 2014, if you want any idea what he thinks of Court's Orders, he was convicted of violating a Temporary Protection Order.

The Defendant's most recent probation stent in Muni Court resulted in a 2015 violation for drugs, positive drug tests.

This is a Defendant who is absolutely dangerous, especially to women, he's a violent offender, and in the current case, absolutely attacked this woman. As far as the record in a domestic violence type scenario goes, the State's opinion that would constitute the worst form of that offense and honestly if there is a worst form of a tampering, he qualifies for that as well.

Going so far as to orchestrate the cleaning of blood in the residence in multiple rooms, and then spiriting away various items of evidence, towels, sheets, and I guess a sexual apparatus, I would say, that is alleged to have been used to sexually assault the victim as part of this.

Which all of which hampers the ability of law enforcement to investigate what truly happened in that apartment.

This Defendant's serious factors, he did cause serious physical harm to the victim and the relationship did facilitate the offense.

{¶14} Our review of the lengthy presentence investigation report filed under seal substantiates appellant's violent acts inflicted upon the victim, causing her serious physical harm, his lengthy criminal record including previous convictions for violent acts, and his propensity to violate court orders e.g., violating temporary protection order and probations violations.

{¶15} Following the prosecutor's summary, the trial court explained the factors set forth in R.C. 2929.11, and noted the following (*Id.* at 8-9):

The Court has considered and weighed the various factors that must be considered and weighed, and those delineated in the Pre-Sentence Investigation Report, and you have an extremely poor history of supervision, this was an offense in Count 1, I think it was significant violence.

The Court clearly finds that you are not amenable to Community Control Sanctions based on your history, and the fact that you have received consecutive sentencings back in 2011 on the 11-CRI-120 case, they were not necessarily as severe as what your potential is in this case, but similar charges, and the Court imposed consecutive sentencings at that time, and here we are almost exactly four years later since that offense.

{¶16} Given appellant's violent acts he inflicted upon the victim causing her serious physical harm and his lengthy criminal record which includes previous acts of violence, we do not find clear and convincing evidence that the maximum sentence on the domestic relations count imposed by the trial court falls under R.C. 2953.08(G)(2)(a) or (b).

{¶17} Appellant next argues the aggregate sentence of sixty-six months exceeded the maximum for the highest offense charged, thirty-six months. In sentencing appellant to consecutive sentences, the trial court stated the following (October 26, 2015 T. at 10-11):

***I am finding that consecutive service of these two sentencings are necessary to both protect the public from future crimes and to impose punishment.

I am finding that consecutive sentencings are not disproportionate to the seriousness of your conduct in this case, Mr. Coffman, and the danger that you pose to the public, not only based on your history, but your lack of compliance while subject to supervision and the violent nature of the offenses themselves, and I am finding that you committed the offense while subject to supervision or under Community Control, and I am finding that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶18} The trial court echoed these findings in its judgment entry filed October 30, 2015, thereby complying with *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. The trial court complied with R.C. 2929.14(C)(4) in ordering consecutive service.

{¶19} As for appellant's R.C. 2953.08(C)(1) argument that the aggregate term exceeds the maximum for the highest offense charged, we concur with our brethren from the Tenth District in *State v. Haines,* 10th Dist. Franklin No. 98AP195, 1998 WL 767438 (Oct. 29, 1998), *6-7:

Additionally, the right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not

exceed the maximum sentence allowed for the most serious conviction. To so construe the statute would demean the sentencing process to the point that it would permit one person to receive a maximum sentence for committing one felony while allowing another person to receive only the same maximum sentence for committing one hundred similar felonies. While the right to appeal may be granted if the conditions of R.C. 2953.08(C) are met, such right to appeal does not limit the court's ability to impose consecutive sentences.

R.C. 2929.14(E)(5) states that when "consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed." The statutory authority to impose consecutive sentences "does not in any way restrict or limit the aggregate term of incarceration that a trial court can impose". R.C. 2953.08(C) provides "no basis to limit the aggregate term of consecutively-imposed criminal sentences." *State v. Albert* (Nov. 13, 1997), Cuyahoga App. No. 72677, unreported.

{¶20} We do not find clear and convincing evidence that the aggregate sentence imposed by the trial court falls under R.C. 2953.08(G)(2)(a) or (b).

{¶21} Lastly, appellant argues the consecutive service places an unnecessary burden on state resources. The record indicates appellant has a lengthy criminal record including convictions involving violent acts, and a propensity to violate court orders. Appellant has committed probation violations necessitating hearings, resentencing, and

prison time, which has placed a burden on local government resources. This supports the argument in favor of a prison sentence. Based upon the facts in this case, we find the least impact on local and state government resources would be imprisonment. We find no evidence to indicate the sentence in this case is an unnecessary burden on state resources.

{¶22} Upon review, we do not find clear and convincing evidence under R.C. 2953.08(G)(2)(a) or (b) that the trial court erred in sentencing appellant.

{¶23} Assignments of Error I, II, and III are denied.

{¶24} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 613